UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAULINE ROCKE,<br><br>      *Plaintiff*,<br><br>  - against -<br><br>JUDGE ROBERT D. HETTLEMAN;<br>ANUSHA RAVI; PAULINA RODRIGUEZ;<br>and PSA1/POLICE,<br><br>      *Defendants.* | **MEMORANDUM & ORDER**<br>24-cv-05874 (NCM) (LB) |
| PAULINE ROCKE,<br><br>      *Plaintiff*,<br><br>  - against -<br><br>JUDGE ROBERT HETTLEMAN;<br>CHELSEA DONOHUE, ESQ.;<br>NICOLA JOANNE GIBSON; ANUSHA<br>RAVI; and PAULINA RODRIGUEZ,<br><br>      *Defendant.* | 24-cv-05961 (NCM) (LB) |

**NATASHA C. MERLE**, United States District Judge:

  *Pro se* plaintiff Pauline Rocke filed the above-captioned complaints for civil rights violations, naming a municipal entity, Police Service Area 1 ("PSA1"),[1] and the following individual defendants: Judge Robert D. Hettleman, Anusha Ravi, Chelsea Donahue,

---

[1] PSA1 serves the New York City Housing Authority developments within the confines of the 60th, 61st, 63rd, and 69th precincts. *Police Service Area 1*, NYPD, https://www.nyc.gov/site/nypd/bureaus/transit-housing/police-service-area-1.page [https://perma.cc/N863-VP7E].

1

Paulina Rodriguez, and Nicola Joanne Gibson.[2] Plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are granted.

For the reasons stated below, plaintiff's complaints are **DISMISSED**. The cases shall be consolidated, and plaintiff is granted leave to file an amended complaint within 30 days of the date of this Order in the consolidated case.

## BACKGROUND

Plaintiff brings her claims using a civil rights violation complaint form. The complaints are difficult to comprehend, but they appear to allege "police misconduct" and concern both her housing and the custody of her son.

In 24-cv-05874, plaintiff appears to assert that her housing and parental rights were infringed in connection with a medical condition and previous hospitalization. 5874 Compl. at 4–5.[3] Plaintiff states that her son's father took her son away from her in December 2023, filed suit against her for custody, and "mess[ed] with [her] housing." 5874 Compl. at 5.

Plaintiff also refers to and seems to dispute the validity of two separate police interactions. 5874 Compl. at 5–6. The first incident, in January 2024, seems to involve allegations against plaintiff for threatening behavior that ultimately resulted in a call to the police and plaintiff's hospitalization. 5874 Compl. at 5–6. The second incident, in July 2024, appears to involve police removal of plaintiff from her home due to reports filed against her claiming she "want [to] hurt dis people." 5874 Compl. at 6. She makes no

---

[2]   Hereinafter, the Court refers to the complaint in 24-cv-05874 as the "5874 Complaint," and the complaint in 24-cv-05961 as the "5961 Complaint."

[3]   All page numbers for the complaints refer to the page numbers generated by the ECF headers.

2

allegations against the individual defendants. Plaintiff does not assert a claim for damages. Rather, she requests the "courts stop people talk [sic] about me . . . to hurt me or my kids and police stop misconduct." 5874 Compl. at 6.

In 24-cv-05961, plaintiff appears to challenge the same circumstances but focuses on the related legal action taken against her, asserting that "family court prejudiced my situation because [of] my past incidents." 5961 Compl. at 4. Plaintiff appears to request intervention in either court or agency proceedings "that got NYCHA crisis worker on me" and that gave "acs and police unreason [sic] [to] act [under] unfair circumstance." 5961 Compl. at 5. Plaintiff does not clarify how any of the named defendants are tied to her allegations. The complaint references an amount in controversy of $76,000, noting she has suffered "damage of day not with my kids[,] impartial treat [sic] way of dis people entrapment because of circumstances." 5961 Compl. at 5–6. It is unclear from the complaint if plaintiff has multiple children for which custody is disputed or whether "kids" only includes plaintiff's son referenced in 24-cv-05874.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[4] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Though

---

[4] Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

courts are required to hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike," *Harnage v. Lightner,* 916 F. 3d 138, 141 (2d Cir. 2019). A court is empowered to dismiss complaints on its own initiative where they do not comply with Rule 8. *Id.* Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court is unable to determine exactly what claims plaintiff is attempting to allege and thus plaintiff's allegations fail to state a claim for relief. *See, e.g.*, *Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). However, plaintiff appears to seek relief against individuals discussing her and for court and agency determinations with which she disagrees: the removal of one or more child from her custody and her ejectment from her housing. *See* 5874 Compl. at 5–6; 5961 Compl. at 5–6. However, plaintiff has not linked the defendants to the alleged violations. It is similarly unclear what specific relief plaintiff requests or whether such relief is within this Court's power to provide. Even liberally construing the complaints in plaintiff's favor, they fail to state a claim upon which relief can be granted.

Moreover, to the extent that plaintiff seeks to bring claims against Judge Robert D. Hettleman, a New York State judge, any such claim must be dismissed. Judges normally

have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id*. at 209. Although it is unclear how Judge Hettleman connects to any of plaintiff's allegations, it seems likely that plaintiff seeks to challenge rulings he made within his judicial capacity, which would ensure his immunity from suit.

Given the significant deficiencies in the complaints, plaintiff's claims are dismissed.

## CONCLUSION

For the reasons stated above, the Court dismisses plaintiff's complaints, filed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The Court grants plaintiff leave to file an amended complaint within thirty (30) days of this Order. Plaintiff may contact the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

The Clerk of the Court is directed to (1) consolidate these actions into the first filed case, No. 24-cv-5874, and (2) mark No. 24-cv-5961 closed. All future filings are to be docketed in No. 24-cv-5874.

If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include "Docket Number 24-cv-05874 (NCM)(LB)." Plaintiff should explain how she was injured, who was responsible, and why she thinks this Court

has jurisdiction to remedy the injury. The Amended Complaint will replace, not supplement, the original complaints.

If plaintiff fails to file an amended complaint within thirty days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

 */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:  October 24, 2024
        Brooklyn, New York

6