UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAULINE ROCKE,

                *Plaintiff*,

- against -

JUDGE ROBERT HETTLEMAN; CHELSEA DONAHUE; PAULINA RODRIGUEZ; ANUSHA RAVI,

                *Defendants*.

<u>MEMORANDUM & ORDER</u>
24-CV-05874 (NCM)

**NATASHA C. MERLE,** United States District Judge:

On August 19, 2024, *pro se* plaintiff Pauline Rocke commenced this action. ECF No. 1. By Order dated October 24, 2024, the Court consolidated plaintiff's duplicative action, *Rocke v. Hettleman,* 1:24-cv-05961 (NCM), with this action, granted plaintiff's requests to proceed *in forma pauperis*, dismissed the actions pursuant to 28 U.S.C. § 1915, and gave plaintiff thirty days to file an amended complaint under this docket number. ECF No. 4. Plaintiff's amended complaint was received on December 13, 2024. Amended Complaint ("AC"), ECF No. 6. As the amended complaint fails to address the deficiencies identified by the Court in plaintiff's original complaints, the action is hereby dismissed.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual

1

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Though courts are required to hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs still must comply with Federal Rule of Civil Procedure 8, *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019) ("While we construe *pro se* pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike."). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint." *Id.* Moreover, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

As with the original complaints plaintiff filed before this action was consolidated, the amended complaint is difficult to comprehend. It lists four defendants: New York State Judge Robert Hettleman, 350 Jay Street, Brooklyn, New York; two other individuals at the same Jay Street address, Paulina Rodriguez, an Administration for Child Services employee, and Chelsea Donahue; and Anusha Ravi, for whom there is no address. AC 2–3. The amended complaint contains no allegations against any of the defendants. To the extent it is comprehensible, it references a "hate crime" by "cyberbull[ying]." AC 4–6.

Although neither is referenced in the amended complaint, the two documents plaintiff attaches suggest a possible basis for her discontent. The first is an undated letter

to plaintiff from the New York City Housing Authority concerning "a complaint from a neighbor that you accused her of stealing your food and you followed her" and informing plaintiff that a social service referral had been requested for her. AC 9. There is no further information in the letter and its author is not named as a defendant.

The second document is an application by plaintiff's son's father in Queens Family Court seeking full custody of their son. AC 10–11. The February 2, 2024 application states that the father has had custody of the child since plaintiff was hospitalized in late January 2024. AC 10–11. The status of the petition is not provided, nor is the father named as a defendant.

Since the filing of her amended complaint, plaintiff has filed two more documents in this action. The first is a letter from plaintiff regarding concerns she has with the police, ECF No. 7, and the second is styled as a motion, ECF No. 8. The letter contains one sentence that includes a concern of "danger with police," ECF No. 7 at 1, and the motion complains of negligence, misinformation, a rumor, and includes the words "vicious attempted murder poison me raped," ECF No. 8 at 1. Among other things, the motion also includes the words: "legally remove my son lie . . . police say paranoid but attempted murder poison." ECF No. 8 at 2.

## DISCUSSION

By Order entered October 24, 2024, the Court found that plaintiff's original complaints were unclear as to what specific relief plaintiff requested or whether such relief was within the Court's power to provide. ECF No. 4. The Order further stated that any amended complaint would replace, not supplement, her original submissions and should explain how she was injured, who was responsible, and why she thinks this Court has jurisdiction to remedy the injury.

3

The amended complaint does not cure the deficiencies identified in the Court's October 24, 2024 Order. Like her original complaints, the amended complaint does not conform with the requirements of Rule 8 because it does not specify any claims against the defendants. The amended complaint fails to identify what specific relief plaintiff requests or whether such relief is within the Court's jurisdiction. Neither the amended complaint, nor the plaintiff's subsequent submissions, link any defendant to any alleged wrongdoing. Thus, the amended complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure or to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii); *see, e.g.*, *Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-06692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege").

Additionally, to the extent that plaintiff seeks reconsideration of a child custody determination or the Court's intervention in a child custody proceeding, the Court must abstain from adjudicating a domestic dispute. The domestic-relations abstention doctrine, as described in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) and *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019), requires federal courts to abstain from exercising federal question jurisdiction over cases that implicate family law or domestic relations issues, so long as those claims can be fully and fairly determined in the state courts. *See also Sullivan v. Xu*, No. 24-cv-5946, 2024 WL 4836341, at *3 (E.D.N.Y. Nov. 20, 2024) (finding that the domestic-relations abstention doctrine warranted dismissal where plaintiff's claims implicated state family court proceedings regarding custody of plaintiff's daughter). Where, as here, plaintiff has not shown that there is an obstacle preventing her from "from receiving a full and fair determination" of the domestic relations issue in state court, the Court "must abstain." *Rogers v. New York*

4

*Child Support Enf't Unit*, No. 24-cv-06791, 2024 WL 4504744, at *2 (E.D.N.Y. Oct. 16, 2024).

Moreover, to the extent plaintiff is attempting to bring claims against Judge Hettleman for his conduct in the course of a child custody determination or other judicial act, plaintiff has failed to establish that such claims are not frivolous. Judges normally have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Rather, judicial immunity does not apply where judges act outside of their judicial capacity, or if judicial actions were taken "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Plaintiff's Amended Complaint lacks any additional allegations that Judge Hettleman acted outside of his judicial capacity. Plaintiff possibly references Judge Hettleman in one sentence of the amended complaint which reads, in part, "now stop visit with son Judge suspended." AC 7. Assuming this sentence complains that Judge Hettleman suspended plaintiff's visits with her son, there is no indication in the complaint that this action was taken outside of Judge Hettleman's judicial capacity, or in the complete absence of all jurisdiction. *See generally* AC (containing no further factual allegations regarding Judge Hettleman).

Therefore, judicial immunity applies and plaintiff's claims must be dismissed against defendant Hettleman. *See, e.g. Kelsey v. Clark*, No. 22-22, 2023 WL 1980307, at *1 (2d Cir. Feb. 14, 2023) (holding a "complaint will [also] be dismissed as frivolous when it is clear that the defendants are immune from suit") (summary order) (quoting *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999)); *Reiss v. Baron*, No. 22-cv-00908, 2022 WL 624420, at *2 (S.D.N.Y. Mar. 3, 2022) (dismissing claims under Section 1983 as frivolous

5

due to judicial immunity).

## CONCLUSION

For the reasons set forth above, the action is dismissed because plaintiff's Amended Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Moreover, it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has failed to state a claim against the defendants and because the action is frivolous as to Judge Hettleman, who is likely immune from suit here.

The Clerk of Court is directed to enter judgment, close this action, and mail a copy of this Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                            */s/ Natasha C. Merle*
                                            NATASHA C. MERLE
                                            United States District Judge

Dated:        January 28, 2025
                Brooklyn, New York